IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**SHERI MURPHY**,

        Plaintiff,

    v.

**VOLT INFORMATION SCIENCES, INC.**, a New York Company, **UNITED STATES OF AMERICA**, acting by and through the Department of Energy and Bonneville Power Administration, and **STEPHEN CHU**, Secretary of the Department of Energy,

        Defendants.

No. 3:13-cv-00086-HU

OPINION AND ORDER

**MOSMAN, J.**,

On June 25th, 2013, Magistrate Judge Hubel issued his Findings and Recommendation ("F&R") [35] in the above-captioned case, recommending that the United States and Secretary Stephen Chu's ("the Government") motion to dismiss be denied. The Government objected [38], and plaintiff responded [41].

## DISCUSSION

The magistrate judge makes only recommendations to the court, to which any party may file written objections. I am not bound by the recommendations of the magistrate judge; instead, I retain responsibility for making the final determination. I am required to review de novo those portions of the report or any specified findings or recommendations within it to which an

1 – OPINION AND ORDER

objection is made. 28 U.S.C. § 636(b)(1). However, I am not required to review, de novo or under any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the F&R to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). While the level of scrutiny under which I am required to review the F&R depends on whether objections have been filed, in either case I am free to accept, reject, or modify any part of the F&R. 28 U.S.C. § 636(b)(1).

Upon review, I agree with and adopt Judge Hubel's F&R. I write further to address the Government's objection that Congress did not waive sovereign immunity with respect to "joint employer" claims against federal agencies. (Objections to F&R [38] at 2–3.) The Government argues that all employees of the Bonneville Power Administration ("BPA") are either covered under Title II of the Family Medical Leave Act or not covered at all. (*Id.* at 2, 5; Reply [27] at 2.) It accuses plaintiff of trying to use the "joint employer" provision of the implementing regulations to bring a Title I suit against BPA, when BPA's employees are categorically subject to Title II. On this basis, it argues that Congress did not intend to waive sovereign immunity with respect to "joint employer" claims against federal agencies.

The Government's objection is chasing a red herring. Whether Title I or Title II applies does not turn on the nature of the employer, but on the nature of the employee. Title II covers federal civil service employees who meet certain statutory requirements. 5 U.S.C. §§ 2105(a), 6301(2), 6381(1); *Russell v. U.S. Dep't of the Army*, 191 F.3d 1016, 1018 & n.1 (9th Cir. 1999). All other employees of the federal government are covered by Title I. 29 U.S.C. § 2611(2)(B)(i); 29 C.F.R. § 825.109(c); *Russell*, 191 F.3d at 1018. As Judge Hubel noted, the parties agree that plaintiff was not a Title II employee. (F&R [35] at 15.) It follows necessarily that she is covered

under Title I, if she can prove its eligibility requirements. From there, it follows further that she can bring an FMLA cause of action against BPA if the agency was her "employer" under Title I.

Once plaintiff's status as a Title I employee is established, that Murphy's claim falls under Title I's waiver of sovereign immunity also becomes clear. Congress waived immunity as to suits by Title I employees against "any employer," including public agencies. 29 U.S.C. §§ 2617(a)(1), (a)(2). The definition of "employer" includes federal agencies like BPA. 29 U.S.C. §§ 203(x), 2611(4)(A)(iii), (4)(B). The Government advances no reason to entertain the notion that "any employer" does not include joint employers. Indeed, as Judge Hubel pointed out, absent a specific exception, the waiver of immunity as to suits against "any employer" necessarily encompasses suits against joint employers. (F&R [35] at 15.)

I therefore ADOPT Judge Hubel's Findings and Recommendations [35] as my own opinion.

IT IS SO ORDERED.

DATED this 24 day of September, 2013.

/s/Michael W. Mosman
MICHAEL W. MOSMAN
United States District Judge

3 – OPINION AND ORDER